IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYR KILAAB AL GHASHIYAH (KHAN),

                Petitioner,              OPINION AND ORDER

     v.                                                09-cv-236-slc

PETER HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

Petitioner Tayr K. al Ghashiyah (Khan), formerly known as John Casteel, has filed a document styled as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner is in custody pursuant to two judgments of conviction entered by the Circuit Court for Brown County in 1985 and 1986 for bank robbery, for which petitioner is serving a total of 50 years. Although petitioner raises some claims that appear to be directed at one of his underlying convictions and sentence (e.g., Pet., dkt. 1, at ¶24, alleging that summons and complaint were "defective and void" because district attorney failed to comply with procedural rules), for the most part, the petition is directed at the Department of Corrections' refusal to release him on discretionary parole. Petitioner's attack on his parole status is two-fold. First, he contends that his prison records contain "inaccurate" information upon which the parole commission has relied to deny his release. This inaccurate information consists of 1) juvenile adjudications; 2) uncounseled convictions; 3) "invalidated" conduct reports; and 4) untrue hearsay allegations. Id. at ¶13. With respect

to the conduct reports, petitioner lists approximately 150 violations that he received "between the solar years of 1976 through 2009" for which he alleges he was never given advance notice of the date and time of the disciplinary hearing. Pet., dkt.1, at ¶¶20-21. Second, he contends that the department has violated the ex post facto clause by implementing new parole procedures that operate more harshly than those in place at the time of his conviction. Id. at ¶9.

Petitioner is a restricted filer who has been barred by the Court of Appeals for the Seventh Circuit from filing any civil lawsuits in this circuit until he pays fees and costs from all of his federal suits. Al Ghashiyah v. Frank, 08-2581 (7th Cir. Dec. 18, 2008). The filing bar does not apply to applications for writs of habeas corpus, so the clerk of this court accepted the instant petition for filing. However, petitioner has not stated a claim for which habeas corpus is the proper remedy.

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the Court of Appeals for the Seventh Circuit explained that § 2254 applies only when a state prisoner claims that he has a right to be *released* on parole; if the prisoner claims instead that parole officials are "apt to use incorrect rules when resolving a future application," he must use 42 U.S.C. § 1983. See also Williams v. Benik, 04-C-966-C, Op. and Order entered April 18, 2005 (explaining that in Seventh Circuit, habeas corpus and § 1983 are mutually exclusive)

(copy attached); but see Terrell v. United States, 564 F.3d 442, 446-47 (6th Cir. 2009) and Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) (rejecting idea that habeas corpus and § 1983 are always mutually exclusive). Petitioner does not contend that he is entitled to be released immediately on parole, but rather that his chances for discretionary release would be greater at the next hearing if the "inaccurate" information and "invalid" conduct reports were expunged from his record and the department was barred from applying its alleged ex post facto policy. Thus, the most this court could order is a new parole hearing at which the parole commission could still decline to shorten petitioner's prison term. Wis. Stat. § 304.06(1)(b) (parole commission "may" parole inmate who has served at least 25 percent of his sentence). Such a claim lies outside "the core of habeas corpus," Wilkinson v. Dotson, 544 U.S. 74, 82 (2005), and in this circuit, must be brought as a § 1983 action.

I note that petitioner alleges that the department relied on some of the allegedly "invalid" conduct reports as a reason not only to deny him release on discretionary parole, but also to deprive him of good-time credits. Pet., dkt. 1, ¶35. An administrative order revoking good-time credits is properly challenged in a habeas corpus action. Moran v. Sondalle, 218 F.3d 647, 65051 (7th Cir. 2000) (per curiam). However, it is impossible to conclude from this petition that petitioner is challenging any particular administrative decision that resulted in a loss of good-time credits. Although petitioner lists the numbers of some 150 "invalid" conduct reports, he does not specify which of those led to the deprivation of good time as opposed to some lesser disciplinary sanction, does not provide

any dates or facts relating to any disciplinary proceeding and makes no showing that he properly exhausted both his administrative and state court remedies with respect to any particular disciplinary proceeding. McAtee v. Cowan, 250 F.3d 506, 508 (7th Cir. 2001) (Wisconsin inmates challenging deprivation of good time credits must petition Wisconsin state courts for writ of certiorari before filing federal petition); State ex rel. Ortega v. McCaughtry, 221 Wis. 2d 376, 585 N.W. 2d 640 (Ct. App. 1998) (certiorari review of warden's order affirming decision of prison disciplinary committee). Further, petitioner has not asked the court to order a new disciplinary hearing or restore good time credits with respect to any particular disciplinary proceeding. Thus, it appears that the only relief petitioner is seeking with respect to the conduct reports is to have them expunged from his record in order to expedite his release on parole. This claim is not properly brought in a habeas proceeding.

Finally, as I have already noted, some of the allegations in the petition are directed at petitioner's underlying convictions and sentence. However, petitioner's convictions and sentence were the subject of an unsuccessful habeas corpus petition that petitioner filed in 1992. Kilaab Al Ghashiyah (Khan) v. Smith, 101 F.3d 110 (Table), 1996 WL 625616 (7th Cir. 1996) (unpublished opinion). To bring a second or successive habeas petition, a petitioner must first obtain prior authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained this authorization. Accordingly, to the extent

his petition purports to attack his 1985 and 1986 judgments of conviction, this court lacks jurisdiction over the petition.

Accordingly, because petitioner's claims related to the parole commission's refusal to release him on parole are not properly brought in a habeas corpus proceeding, the petition must be dismissed. Petitioner may not file a § 1983 action, however, until the court of appeals lifts the filing bar. Petitioner's challenges to his 1985 and 1986 judgments of conviction and sentence will be dismissed for lack of jurisdiction.

As a final matter, I find that petitioner is not entitled to a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1). It is plain that petitioner has not obtained permission from the Court of Appeals for the Seventh Circuit to file a second federal collateral attack on his underlying convictions. As for his challenges to the denial of release on parole, I have not denied the claims but have found that they must be brought in a § 1983 action. The fact that petitioner has been barred from filing such actions does not convert this order into a dismissal with prejudice: petitioner is free to pursue his claims once he satisfies the conditions of the court of appeals' order.

ORDER

IT IS ORDERED that the document styled as a petition for a writ of habeas corpus filed by Tayr K. al Ghashiyah (Khan) is DISMISSED. Petitioner's challenges to his 1985 and 1986 judgments of convictions are DISMISSED for lack of jurisdiction. Petitioner's

challenges to the refusal of the Department of Corrections to release him on parole are DISMISSED WITHOUT PREJUDICE on the ground that they are not properly brought in a habeas corpus petition.

Petitioner is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(1).

Entered this 2nd day of June, 2009.

                        BY THE COURT:

                        /s/

                        BARBARA B. CRABB
                        District Judge